132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
RICKEY LEON SCOTT, Plaintiff-Appellant,
v.
DAN LINDSEY; KAREN DIETER; BENNER, Sheriff Deputy, Lassen
County; CITY AND COUNTY OF LASSEN;
** ATKINSON,
Defendants-Appellees.
 No. 97-15634.
 United States Court of Appeals, Ninth Circuit.
 Nov. 06, 1997.
Submitted November 4, 1997***
 
 1
 Appeal from the United States District Court for the Eastern District of California
 
 David F. Levi, District Judge, Presiding
 
 2
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Juges.
 
 
 3
 MEMORANDUM*
 
 
 4
 Rickey Leon Scott, a California state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 action against the City and County of Lassen and several county officials. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the district court's dismissal pursuant to Fed.R.Civ.P. 41(b). See Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir.1984). We affirm.
 
 
 5
 Scott contends that the district court erred by dismissing his excessive force claim against county officials for failing to comply with a court order that he show cause why his claim is not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). This contention lacks merit.
 
 
 6
 Heck precludes a prisoner's section 1983 claim that, if successful, would invalidate a conviction where that conviction has not been reversed, expunged, or called into question by the issuance of a writ of habeas corpus. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997).
 
 
 7
 Here, Scott was convicted in state court following his guilty plea to obstructing or resisting executive officers in performance of their duties, in violation of Cal.Penal Code § 69. Section 69 requires as an element of the offense "that the officer at the time of the offense be engaged in the lawful performance of his duties." People v. Wilkins, 17 Cal.Rptr.2d 743, 751-52 (Cal.Ct.App.1993); see In re Manuel G., 941 P.2d 880, 886 (Cal.1997). An officer who uses excessive force is not engaged in the lawful performance of his or her duties. See People v. White, 161 Cal.Rptr. 541, 544-45 (Cal.Ct.App.1980); People v. Muniz, 84 Cal Rptr. 501, 504 (Cal.Ct.App.1970) ("It goes without saying, of course, that neither is it the duty of officers to taunt or beat persons arrested."). Therefore, if Scott Succeeded in his section 1983 action in showing that county officials used excessive force, it would necessarily implicate the validity of his criminal conviction. Unless Scott shows that his conviction is invalid, which he has not, Heck bars his section 1983 claim for excessive force. See Butterfield, 120 F.3d at 1024.
 
 
 8
 Accordingly, the disrict court did not abuse its discretion by dismissing Scott's excessive force claims. See Franklin, 745 F.2d at 1232. The district court also properly dismissed Scott's conclusory allegations that the City and County of Lassen failed to properly train its officials. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 9
 AFFIRMED.
 
 
 
 **
 Although the district court docket sheet does not list the City of Lassen as a defendant, the court's orders do recognize that the plaintiff named the City of Lassen as a defendant in all of his pleadings. Accordingly, we include the City of Lassen as a defendant-appellee in this appeal
 
 
 **
 * The panel unanimously finds this cas suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3