[No. E006735. Fourth Dist., Div. Two. July 16, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DARREN LEON ROBINSON, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*The parts entitled CALJIC No. 2.06 and ALLEGED SENTENCING ERRORS are not published as they do not meet the standards for publication contained in California Rules of Court, rules 976(b) and 976.1.

**COUNSEL**

Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney

General, Rudolph Corona, Jr., and Tim J. Nader, Deputy Attorneys General, for Plaintiff and Respondent.

---

## Opinion

**HOLLENHORST, Acting P. J.**—Defendant Darren Leon Robinson was convicted of two counts of first degree murder (Pen. Code, § 187, subd. (a)) and one count of second degree robbery (Pen. Code, § 211). The jury also found the following special circumstance allegations true: that defendant had committed multiple murders (Pen. Code, § 190.2, subd. (a)(3)); that defendant killed the victims while lying in wait (Pen. Code, § 190.2, subd. (a)(15)); and that the murders were committed while defendant was an accomplice in the commission of a robbery (Pen. Code, § 190.2, subd. (a)(17)). The jury also found, as enhancements for each of the murder counts, that a principal was armed in the commission of a robbery (Pen. Code, § 12022, subd. (a)).

Defendant was sentenced to consecutive terms of life without possibility of parole on each of the first degree murder counts, with the one-year weapon enhancement on each count. Sentence was stayed on the robbery conviction and its enhancement.

Defendant appeals, alleging instructional and sentencing errors.

### Facts

Defendant testified that he had spent a year working for the victim, Don Wood, on property owned by Mr. Wood near Adelanto. He left in February 1988. On May 24, 1988, he and another man, Ed Smith, drove to the property from Escondido to retrieve some of defendant's possessions. Defendant admitted that they discussed robbing Mr. Wood, but denied that they planned to kill him. Mr. Smith was armed with an M-1 rifle.

Defendant also testified that, after arriving at the property, they retrieved defendant's possessions and then went to a hill overlooking Mr. Wood's motor home. From that position they could see two persons at the motor home. They waited over two hours for the second man, Mr. Doughty, to leave. When he did not leave, they decided to rob both men. They went down the hill and Mr. Smith entered the mobilehome. Mr. Smith shot Mr. Doughty, killing him. Mr. Smith then confronted Mr. Wood. He told Mr. Wood to lie down in the dirt and turn over his wallet. Mr. Wood did so and Mr. Smith shot him in the back of the head, killing him instantly. Later that

evening, they returned to the mobilehome to search for a shell casing. Defendant took Mr. Doughty's wallet at that time.

Although defendant repeatedly denied that he intended to kill anyone, the prosecution introduced testimony by a police officer that defendant stated, after his arrest, that his plan was to "go rob Mr. Wood and possibly kill him." The prosecution also introduced similar testimony by another officer and a tape recording of a conversation between defendant and an informant made before defendant's arrest. In that conversation, defendant also made some very damaging admissions concerning the killings.[1]

## CALJIC No. 2.06*

. . . . . . . . . . . . . . . . . . . . . .

## CALJIC No. 8.80

Defendant next contends that the special circumstances findings must be vacated because the jury was not properly instructed on the element of an intent to kill required by an aider and abettor.

Penal Code section 190.2, subdivision (a), provides that a first degree murderer shall suffer the penalty of death or life without possibility of parole when one or more of the special circumstances listed in that section have been charged and found to be true. Three special circumstances were alleged here: (1) the murder was committed in the course of a robbery (Pen. Code, § 190.2, subd. (a)(17)); (2) the murder was committed by lying in wait (Pen. Code, § 190.2, subd. (a)(15)); and (3) the murder was a multiple murder (Pen. Code, § 190.2, subd. (a)(3)).

Penal Code section 190.2, subdivision (b), provides that a person other than the actual killer who aids or abets the actual killer shall, for the special circumstances charged in this case, suffer the same penalty as the actual killer.

Considering the felony-murder special circumstance, our Supreme Court, in a third *Anderson* case, held that "intent to kill is not an element of the felony-murder special circumstance; but when the defendant is an aider and abetter rather than the actual killer, intent must be proved before the trier

---

[1] The tape recording was admitted into evidence. Plaintiff states that defendant admitted planning to kill Mr. Wood in the tape recording.

*See footnote, *ante,* page 1586.

of fact can find the special circumstance to be true." (*People* v. *Anderson* (1987) 43 Cal.3d 1104, 1138-1139 [240 Cal.Rptr. 585, 742 P.2d 1306].)

The trial court here attempted to carry out this requirement by instructing the jury in the words of CALJIC No. 3.01 (5th ed.) entitled "Aiding and Abetting - Defined"; CALJIC No. 3.02 (5th ed.) entitled "Principals - Liability for Natural and Probable Consequences" and CALJIC No. 8.80 (5th ed.), entitled "Special Circumstances - Introductory."[4]

The third paragraph of CALJIC No. 8.80 reads in part as follows: "If you find beyond a reasonable doubt that the defendant was a co-conspirator or an aider or abetter, then you must also find beyond a reasonable doubt that the defendant intended *either* to kill a human being *or* to aid another in the killing of a human being in order to find the special circumstances to be true." (Italics added.)

Defendant concedes that the first portion of this instruction (requiring that the defendant have an intent to kill) is a correct statement of the *Anderson* rule but contends that it is wrong to state an alternate test ("or to aid another in the killing of a human being") that allows the jury to find the special circumstance true without finding that defendant intended to kill. Defendant also faults the alternate test in the instruction for its reference only to "aiding" and its failure to refer to "aiding and abetting."

Defendant argues that the error is the same as that condemned in *People* v. *Beeman* (1984) 35 Cal.3d 547 [199 Cal.Rptr. 60, 674 P.2d 1318]. In *Beeman,* our Supreme Court said: "we conclude that the weight of authority and sound law require proof that an aider and abettor act with knowledge of the criminal purpose of the perpetrator *and* with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense." (35 Cal.3d at p. 560.) The court therefore held that former CALJIC No. 3.01 incorrectly defined aiding and abetting "because it fails to insure that an aider and abettor will be found to have the required mental state with regard to his or her own act." (*Id.*, at p. 560.) Pure *Beeman* error did not occur here because the later version of CALJIC No. 3.01 (5th ed.) was given.

Defendant contends, however, that the omission of the abetting language in the alternative test of CALJIC No. 8.80 is the same kind of error condemned in *Beeman.* Specifically, *Beeman* held that former CALJIC No.

---

[4] The trial court also gave CALJIC No. 8.81.17 (5th ed.), entitled "Special Circumstances - Murder in Commission of Robbery." Despite the instructions in the Use Note, the bracketed portion of that instruction was not given. On the issue involved here, the Use Note refers the user back to CALJIC No. 8.80.

3.01 was ambiguous because it conceivably permits "conviction upon a finding of an intentional act which aids, without necessarily requiring a finding of an intent to encourage or facilitate the criminal offense." (35 Cal.3d at p. 561.) The alternate test of CALJIC No. 8.80 similarly permits a special circumstance finding based on an intentional act which aids without necessarily requiring a finding of abetting, i.e., an intent to encourage or facilitate the murders. It also does not require knowledge of the criminal purpose of the principal.

While we agree with defendant that a logical reading of the *Beeman* rule would require modifications of CALJIC No. 8.80 similar to the modifications required in former CALJIC No. 3.01, and while we agree that the reference in the alternate test of CALJIC No. 8.80 to aiding alone is inadequate, we find it unnecessary to decide, as the People urge, whether an intent to kill is necessarily found in the words "aid another in the killing of a human being."

We also find it unnecessary to determine whether error in the context of all of the instructions (including the revised CALJIC No. 3.01) occurred, or whether any such error was prejudicial, because the jury was properly instructed with regard to the lying in wait special circumstance. The instruction given, CALJIC No. 8.81.15 (5th ed.), specifically required the jury to find that the defendant intentionally killed his victims. The facts amply supported the giving of the instruction, and the jury's finding of this special circumstance was clearly proper. (Cf. *People* v. *Morales* (1989) 48 Cal.3d 527, 553-559 [257 Cal.Rptr. 64, 770 P.2d 244].)

Since the factual question of intent to kill was properly resolved under the lying in wait special circumstance, "the factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions." (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 721 [112 Cal.Rptr. 1, 518 P.2d 913].) In such a situation the instructional error, if any, is not reversible per se under the *Garcia* rule. (*People* v. *Garcia* (1984) 36 Cal.3d 539, 554-555 [205 Cal.Rptr. 265, 684 P.2d 826].[5])

---

[5] Even if no intent to kill instruction had been given on the other special circumstances, the finding on the lying in wait special circumstance was sufficient. In *Garcia,* the court, after citing this specific situation, said: "If a correctly instructed jury found intent to kill under some other special circumstance, the failure to instruct on intent to kill under the felony-murder special circumstance might not be reversible error." (*People* v. *Garcia, supra,* 36 Cal.3d 539, 555, fn. 11.)

ALLEGED SENTENCING ERRORS*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

DISPOSITION

The judgment is affirmed.

Dabney, J., and Timlin, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 20, 1990.

---

* See footnote, *ante,* page 1586.