Darren Leon ROBINSON, Plaintiff,

v.

CALIFORNIA BOARD OF PRISON TERMS, Does 1 Through 100, Defendants.

No. CV 97–9121–RSWL(RC).

United States District Court, C.D. California.

March 18, 1998.

Darren Leon Robinson, pro se.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

LEW, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Amended Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Amended Report and Recommendation is approved and adopted; and (2) Judgment shall be entered dismissing the Complaint and action with prejudice for failure to state a claim on which relief may be granted and as frivolous.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Amended Report and Recommendation and Judgment by the United States mail on the parties.

## AMENDED REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Amended Report and Recommendation is submitted to the Honorable Ronald S.W. Lew, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

### BACKGROUND

On December 16, 1997, plaintiff Darren Leon Robinson, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983

against defendants California Board of Prison Terms ("BPT") and Does 1–100 claiming, in the first cause of action, that the BPT has acted in a "Racketeer Influence[d] and Corrupted Organizationt[s] manner"[1] to deny the plaintiff his rights to equal protection and due process of law under the Fourteenth Amendment by failing to provide him with an affirmative parole date. Complaint, 11:16–17:19. In the second cause of action, the plaintiff claims that "from July 1, 1977[,] until July 1, 1988[,] plaintiff's rights under the Determinative Sentencing Act [("DSA") were] preserved under the [ex post] facto law." Complaint, 17:20–20:6. In the third cause of action, plaintiff claims that the BPT denied him his right to procedural due process when it failed to process a "class action" inmate/parole appeal denying him his administrative remedy procedure. Complaint, 20:7–21:23. Based on these claims, the plaintiff seeks a declaratory judgment that the BPT has denied him equal protection and due process of law, that his rights were preserved under the DSA, that he is eligible for parole under the DSA, and that he has a liberty interest in parole. Complaint, 24:1–26:24. Additionally, the plaintiff seeks $2.5 million as "prospective damages," another $2.5 million as compensatory damages, another $2.5 million as special damages, and another $2.5 million as actual damages for "emotional pain and suffering, mental anguish, personal humiliation, laceration of character, and chronic isomonia [sic]" against Does 1–100.[2] Complaint, 26:25–27:13.

### DISCUSSION

#### I

When a plaintiff is proceeding *in forma pauperis*, the Prison Litigation Reform Act of 1995 ("PLRA") requires this Court to dismiss *sua sponte* an action it determines is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C.

---

1. It may be that plaintiff, by this reference, which appears at various places throughout the complaint, is attempting to bring an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962–1964. However, as discussed in Part IV below, plaintiff has not, and cannot, set forth such a claim.

2. Although the plaintiff also indicates that he is seeking injunctive relief, *See* Complaint, 1:20–23, 23:1–22, his Complaint asserts only claims for declaratory relief and damages.

§ 1915(e)(2)(B) (i–ii); *Anderson v. Angelone,* 123 F.3d 1197, 1199 (9th Cir.1997); *Marks v. Solcum,* 98 F.3d 494, 495 (9th Cir.1996) (per curiam).

## II

 The plaintiff's first and third causes of action, which allege that he has been denied equal protection and due process of law by the BPT's failures to provide him with an affirmative date of parole[3] and to process his administrative complaint of this failure, fail to state a claim on which relief may be granted under *Butterfield v. Bail,* 120 F.3d 1023 (9th Cir.1997).[4] The Ninth Circuit, in Butterfield, applied in the parole context the opinion *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which holds that an inmate has no cause of action under Section 1983 if a successful action "would necessarily imply the invalidity of [a] conviction or sentence" where that conviction or sentence has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372. Specifically, the Ninth Circuit found that "[f]ew things implicate the validity of continued confinement more directly than the allegedly improper denial of parole." *Butterfield,* 120 F.3d at 1024.

In *Butterfield,* the Ninth Circuit further held that even though the prisoner's Section 1983 claim sought only damages for the alleged improper parole denial,

the remedy [plaintiff] ultimately seeks is parole. Plaintiff would not challenge the alleged procedural defects in his parole hearing if he did not believe that, were those procedural defects remedied, he would be paroled. Further, although [plaintiff] does not in form challenge the legality or length of his confinement, in

substance his damages may only be measured by that confinement. Any money damages that would be assessed against defendants in this case would necessarily be based upon the harm to [plaintiff] in having his parole denied....

*Id.* at 1025. Thus, the Ninth Circuit concluded that the inmate's due process claim "necessarily implicate[d] the invalidity of his continued confinement" and was not cognizable under Section 1983. *Id.*

Here, the plaintiff seeks damages and a declaration that he is eligible for parole under the DSA. However, to provide the plaintiff with any form of effective remedy for the alleged constitutional violations, it would be necessary for this Court to determine that the plaintiff's sentence of life without the possibility of parole is in some manner constitutionally deficient. Thus, the plaintiff's claims would "necessarily imply the invalidity of his conviction or sentence" and they are not cognizable under Section 1983 until such time as the plaintiff can prove that his convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486–87, 114 S.Ct. at 2372; *See also Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997) (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the [prison] decisionmaker that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under § 1983").

## III

 Moreover, the plaintiff's claims against the BPT are barred by the Eleventh Amendment, which prohibits suits against a state and its agencies and departments for legal or equitable relief. *Papasan v. Allain,*

---

3. Pursuant to Fed.R.Evid. 201, this Court takes *sua sponte* judicial notice of petitioner's appeal of his conviction and sentence in *People v. Robinson,* 221 Cal.App.3d 1586, 271 Cal.Rptr. 403 (1990). In Robinson, the California Court of Appeal found that the plaintiff has been sentenced to two consecutive sentences of life with-

out the possibility of parole. *Id.* at 1587, 271 Cal.Rptr. 403.

4. The plaintiff's second cause of action purports to allege a claim under the ex post facto clause; however, this claim is unintelligible.

478 U.S. 265, 276–77, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *See also Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) ("[I]n the absence of consent[,] a suit in which the state or one of its agencies or department[s] is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.")

The authority establishing the BPT is set forth in California Penal Code ("P.C.") §§ 5075–5082. A review of the California statutes shows that BPT clearly is an arm of the State of California: The commissioners of BPT are appointed by the Governor with the advice and consent of the Senate, P.C. § 5075; BPT is part of the Executive Department; and the salaries of BPT's Commissioners are set by the Legislature, P.C. § 5076. The Ninth Circuit has, in fact, held that the California Adult Authority, a predecessor to defendant BPT,[5] is an arm of state government and, thus, "not [a] 'person[ ]' within the meaning of the Civil Rights Act." *Bennett v. People of the State of California,* 406 F.2d 36, 39 (9th Cir.), *cert. denied,* 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969); *Fleming v. California Adult Auth.,* 433 F.2d 991, 991 (9th Cir.1970) (per curiam); *Olson v. California Adult Auth.,* 423 F.2d 1326, 1326 (9th Cir.1970) (per curiam). Defendant BPT is, thus, immune under the Eleventh Amendment from suit for equitable relief or damages. *Allison v. California Adult Authority,* 419 F.2d 822, 822–23 (9th Cir.1969); *Silver v. Dickson,* 403 F.2d 642, 643 (9th Cir.1968), *cert. denied,* 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969).

▉ Additionally, the plaintiff has sued, in both their individual and official capacities, Does 1–100, who he claims are members of the BPT. Complaint, 3:6–15, 4:12–15. However, suits against state officials in their official capacities also must be treated as suits against the state. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Therefore, to the extent that the plaintiff seeks damages from Does 1–100 in their official capacities, his suit is barred by the Eleventh Amendment. *Papasan,* 478 U.S. at 278, 106 S.Ct. at 2940. Moreover, the plaintiff has set forth no cognizable claim against the Doe defendants. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980); *McConnell v. Marine Eng'rs Beneficial Ass'n,* 526 F.Supp. 770, 774 (N.D.Cal. 1981).

**IV**

▉ Finally, it may be that plaintiff also is alleging that the defendants have violated RICO by acting, and conspiring to act, in a manner designed to deny him his constitutional rights. However, the plaintiff's claim, which alleges no more than that the defendants acted in a "Racketeer Influence[d] and Corrupted Organization[s] manner,"[6] is patently frivolous and should be dismissed without leave to amend. As discussed above in Part III, the Eleventh Amendment bars the plaintiff from asserting a civil RICO claim against the BPT, which is a part of the State of California, and individual defendants in their official capacities. *Bair v. Krug,* 853 F.2d 672, 674–75 (9th Cir.1988); *Production & Leasing, Ltd. v. Hotel Conquistador, Inc.,* 709 F.2d 21, 21–22 (9th Cir.1983); *Gaines v. Texas Tech. Univ.,* 965 F.Supp. 886, 889 (N.D.Tex.1997); *Molina v. State of New York,* 956 F.Supp. 257, 260 (E.D.N.Y.1995); *See also Pedrina v. Chun,* 97 F.3d 1296, 1300 (9th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 2441, 138 L.Ed.2d 201 (1997) ("[G]overnment entities are incapable of forming [the] malicious intent necessary to support a RICO action." (internal punctuation omitted)); *Berger v. Pierce,* 933 F.2d 393, 397 (6th Cir.1991) ("[I]t is clear that there can be no RICO claim against the federal government … since it is self-evident that a federal agency is not subject to state or federal criminal prosecution." (citations omitted)). Further, the plaintiff's complaint merely claims that Plaintiff's civil rights have been violated, and since "[c]ivil rights violations … do not fall within the statutory definition of 'racketeering activity,' … [his] complaint fails to state a claim

---

5. *See* California Penal Code § 5002(e)(3).

6. The caption of the plaintiff's complaint also cites 18 U.S.C. §§ 1962–64.

under RICO." *Bowen v. Oistead,* 125 F.3d 800, 806 (9th Cir.1997).

 Apart from plaintiff's failure to plead specific conduct or omissions by individual defendants, plaintiff has no standing to bring a civil RICO claim against any defendant in his individual capacity. A civil RICO action may lie only when there is illegal conduct by an enterprise through a pattern of racketeering activity causing injury to the plaintiff's business or property. *Klehr v. A.O. Smith Corp.,* —— U.S. ——, 117 S.Ct. 1984, 1987, 138 L.Ed.2d 373 (1997) *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495–96, 105 S.Ct. 3275, 3284–85, 87 L.Ed.2d 346 (1985); *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996). To have standing to bring a civil RICO claim, a plaintiff must have suffered an injury to business or property by the alleged unlawful conduct. *Sedima,* 473 U.S. at 496, 105 S.Ct. at 3285; *Imagineering, Inc. v, Kiewit Pacific Co.,* 976 F.2d 1303, 1310 (9th Cir.1992), *cert. denied,* 507 U.S. 1004, 113 S.Ct. 1644, 123 L.Ed.2d 266 (1993). "This limitation to a person 'injured in his business or property' has a 'restrictive significance,' which helps to assure that RICO is not expanded to [provide] 'a [general] federal cause of action and treble damages to every tort plaintiff.' " *Steele v. Hospital Corp. of America,* 36 F.3d 69, 70 (9th Cir.1994) (citations omitted). Moreover, a showing of injury under RICO requires proof of concrete financial loss. *Imagineering, Inc.,* 976 F.2d at 1310; *Oscar v. University Students Co-operative Ass'n,* 965 F.2d 783, 785 (9th Cir.), *cert. denied,* 506 U.S. 1020, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992). Speculative injuries do not serve to confer standing under RICO. *Steele,* 36 F.3d at 71; *Imagineering, Inc.,* 976 F.2d at 1311. Since the plaintiff does not, and indeed cannot, allege an injury to business or property, his RICO claims also must be dismissed for lack of standing.

### V

 To the extent plaintiff complains that he is eligible for parole, and seeks to be paroled, habeas corpus is the exclusive remedy to challenge the fact or duration of his confinement or to seek immediate or speedier release. *Heck,* 512 U.S. at 481, 114 S.Ct.

at 2369; *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973). However, this Court cannot treat the plaintiff's complaint as an application for habeas corpus relief because, *inter alia,* the Court has no information that the plaintiff has exhausted his state court and administrative remedies, as required by 28 U.S.C. § 2254(b) & (c). Nor can this Court treat the plaintiff's complaint as a request for writ of mandamus since federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties. *Clark v. State of Washington,* 366 F.2d 678, 681–82 (9th Cir.1966); *Davis v. Lansing,* 851 F.2d 72, 74 (2d Cir.1988); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n. 5 (10th Cir.1986); *Moye v. Clerk, Dekalb County Superior Court,* 474 F.2d 1275, 1275–76 (5th Cir.1973) (per curiam); *Haggard v. State of Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587 (4th Cir. 1969) (per curiam).

### VI

Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile. *Newland v. Dalton,* 81 F.3d 904, 907 (9th Cir.1996) *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 339 (9th Cir.1996) *Wages v. Internal Revenue Serv.,* 915 F.2d 1230, 1235 (9th Cir.1990); *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir.1988), *amended by,* 856 F.2d 111 (9th Cir.1988).

 Further, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir.1995); *Lopez v. Department of Health Servs.,* 939 F.2d 881, 882 (9th Cir. 1991) (per curiam); *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991); *Jackson v. Arizona,* 885 F.2d 639, 640 (9th Cir.1989). Thus,

the plaintiff, who is proceeding *in forma pauperis,* has brought an action which fails to state a claim on which relief may be granted and is frivolous. The PLRA requires dismissal *sua sponte* of this action in that the complaint cannot be amended to state a claim against the defendants. *Cf. Marks,* 98 F.3d at 496.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Amended Report and Recommendation; and (2) directing that Judgment be entered dismissing the action with prejudice for failure to state a claim on which relief may be granted and as frivolous.