Filed 2/11/15  P. v. Vasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>     v.<br><br>ROBERT EUGENE VASQUEZ,<br><br>   Defendant and Appellant. | G048927<br><br>(Super. Ct. No. 12ZF0131)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

Kimberly J. Grove, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Robert Eugene Vasquez stands convicted of special circumstances murder for killing Bobby Ray Rainwater, Jr., while lying in wait. Appellant contends his jury was inadequately instructed on the lesser included offense of second degree murder, but we do not see it that way. Not only were the instructions legally correct, any error in them was harmless in light of the jury's true finding on the lying-in-wait allegation. We therefore affirm the judgment.

FACTS

At the time this case arose in 2011, appellant and Rainwater both lived with their parents. Their families lived next door to each other in a mobilehome park in San Juan Capistrano, but they did not get along very well. The Rainwaters thought appellant's family was noisy and inconsiderate, and appellant's family was leery of Rainwater because he was a convicted sex offender. In fact, appellant's mother told everyone that Rainwater was a dangerous pedophile, even though his sole sex offense was committed against an adult woman in the 1980's.

On the night of November 30, 2011, appellant and his girlfriend Sheryl Herrera were watching a movie at appellant's place when he stepped outside to have a smoke. When he returned, Herrera was spooked because Rainwater had appeared at the bedroom window and said something to her. Herrera wouldn't tell appellant what Rainwater said, but she and appellant suspected Rainwater may have been watching them while they were having sex earlier that evening.

Angered by the thought of that, appellant grabbed a knife and set out to find Rainwater. His initial search of the area proved fruitless, so he hid in the bushes by Rainwater's home until Rainwater arrived in the early hours of December 1. While watching Rainwater smoke a cigarette in front of his home, appellant unsheathed his knife. Then he sneaked up and punched Rainwater in the back of the head, knocking him down. Appellant continued punching Rainwater until his body went limp, then he began

2

stabbing Rainwater in the back. When Rainwater remained conscious and yelled for help, appellant finished him off by slitting his throat.

Appellant was charged with first degree murder with the special circumstances allegation that he killed Rainwater by means of lying in wait. He was also charged with an aggravated assault he committed two days after the murder that is not at issue in this appeal. At trial, appellant presented evidence he is cognitively impaired and has a long history of mental illness and drug use. However, he was convicted as charged and sentenced to life in prison without parole, plus eight years.

## DISCUSSION

Appellant contends the trial court's instructions on the lesser included offense of second degree murder were inadequate because they failed to sufficiently define and explain that offense. We disagree.[1]

"When considering a claim of instructional error, we view the challenged instruction in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner. [Citation.]" (*People v. Houston* (2012) 54 Cal.4th 1186, 1229.) In so doing, we """assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given. [Citation.]" [Citation.]"" (*People v. Martin* (2000) 78 Cal.App.4th 1107, 1111.)

After instructing on the elements of murder and defining the concepts of express and implied malice, the trial court told the jurors, "If you decide that the defendant committed murder, you must then decide whether it is murder of the first or second degree." (See CALCRIM No. 520.) The court then explained the two theories of first degree murder at issue in this case, premeditation and lying in wait. In conjunction

---

[1]     Respondent contends appellant forfeited his claim by failing to challenge the subject instructions in the trial court, but because appellant argues the instructions amounted to an incorrect statement of the law, we will consider his arguments. (*People v. Hudson* (2006) 38 Cal.4th 1002, 1011-1012.)

with those instructions, the court also told the jurors, "The People have the burden of proving beyond a reasonable doubt that the killing was first degree murder rather than a lesser crime. If the People have not met this burden, you must find the defendant not guilty of first degree murder." (See CALCRIM No. 521.) The court also instructed that provocation may reduce a murder from first degree to second degree. And, it informed the jurors if they agreed defendant was not guilty of first degree murder but was guilty of second degree murder, they could find him guilty of second degree murder.

Appellant argues the trial court not only erred in failing to explain the difference between first and second degree murder, it should have expressly informed the jury all murders that are not of the first degree are instead second degree. But the court did distinguish between first and second degree murder by instructing on the concepts of premeditation, lying in wait and provocation. Under the court's instructions, the only way the jurors could find appellant guilty of first degree murder was if they found he acted with premeditation or while lying in wait. In fact, the instructions made it clear a murder committed with malice could not be first degree murder unless appellant acted under one of those two circumstances. The obvious implication of this was that if appellant committed murder without premeditation or while lying in wait, he was only guilty of murder in the second degree. The court also told the jury that if appellant was provoked to commit murder, the crime was second degree murder. Thus, the two degrees of murder were adequately defined and explained. (Compare *People v. Rogers* (2006) 39 Cal.4th 826, 866-867 [jury instructions deemed inadequate because they failed to explain a murder committed with malice but without premeditation could be second degree murder].)

Appellant also faults the trial court for failing to give CALJIC No. 8.71, which tells jurors, "If you are convinced beyond a reasonable doubt that the crime of murder has been committed by a defendant, but you have a reasonable doubt whether such murder was of the first or the second degree, you must give the defendant the

4

benefit of the doubt and return a verdict fixing the murder as of the second degree." Sometimes referred to as "the tie goes to the lesser offense" instruction, CALJIC No. 8.71 was derived from Penal Code section 1097 and *People v. Dewberry* (1959) 51 Cal.2d 548 (*Dewberry*). It is designed to ensure that when the jury has a reasonable doubt as to whether the defendant committed a charged or lesser included offense, it must give the defendant the benefit of the doubt and find him guilty of the lesser crime, provided they are convinced beyond a reasonable doubt he is guilty of that offense. (*Id.* at pp. 555-556.)

Here, the trial court instructed the jury the People had the burden of proving beyond a reasonable doubt the killing was first degree murder rather than second degree murder, and if the People failed to meet this burden, appellant was not guilty of first degree murder. However, if the jury was nonetheless convinced beyond a reasonable doubt appellant was guilty of second degree murder, it could convict him of that lesser offense. The court also informed the jurors that although they could consider the charged and lesser included offenses in any order they liked, they could not convict appellant of a lesser offense unless they unanimously agreed he was not guilty of the charged offense.

These instructions made it clear that if the jurors had a reasonable doubt about whether appellant committed first or second degree murder but were convinced he committed second degree murder, then their only available option for murder was murder in the second degree. Therefore, the instructions adequately conveyed the import of *Dewberry*. (*People v. Barajas* (2004) 120 Cal.App.4th 787, 791; *People v. Crone* (1997) 54 Cal.App.4th 71, 76; *People v. Gonzalez* (1983) 141 Cal.App.3d 786, 793, disapproved on other grounds in *People v. Kurtzman* (1988) 46 Cal.3d 322; *People v. St. Germain* (1982) 138 Cal.App.3d 507, 521-522.)

Assuming arguendo the court's instructions on second degree murder were deficient in any respect, reversal is not required because the jury found true the special circumstances allegation that appellant murdered Rainwater by means of lying in wait.

5

(Pen. Code, § 190.2, subd. (a)(15).)  In so doing, the jury necessarily determined appellant acted with premeditation, deliberation and the intent to kill.  (*People v. Boyette* (2002) 29 Cal.4th 381, 435; *People v. Campbell* (1870) 40 Cal. 129, 138-139; *People v. Laws* (1993) 12 Cal.App.4th 786, 792; *People v. Lo Cigno* (1961) 193 Cal.App.2d 360, 370; CALCRIM No. 728.)  "Thus the jury found that the murder was committed with express malice and in a manner which, by force of statute, elevated it to first degree murder."  (*People v. Edelbacher* (1989) 47 Cal.3d 983, 1028-1029.)  That being the case, any flaws in the court's instructions on second degree murder were manifestly harmless.  (*Ibid*. [trial court's failure to give *any* instructions on second degree murder was not prejudicial where jury found true special circumstances allegation that defendant committed murder by means of lying in wait]; see also *People v. Robinson* (1990) 221 Cal.App.3d 1586, 1591.)

DISPOSITION

The judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.