Filed 10/24/25  P. v. Robinson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DARREN LEON ROBINSON,<br><br>     Defendant and Appellant. | E083440<br><br>(Super.Ct.No. VCR4215)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Michael D. Butera, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Darren Leon Robinson appeals the denial of his petition for resentencing under Penal Code section 1172.6.  His conviction offenses were

1

committed in 1988, when he was 19 years old. His only appellate argument is that the trial court failed to consider all the hallmarks of youth in determining whether he was a major participant in the robbery who acted with reckless indifference to human life. This argument overlooks the trial court's alternative finding that Robinson, though not the shooter, acted with intent to kill, which is an independently sufficient basis to deny the petition. We therefore affirm the trial court's order.[1]

BACKGROUND

In 1989, a jury found Robinson guilty on two counts of murder and one count of robbery, and it found true several special circumstance and enhancement allegations. He was sentenced to two consecutive terms of life without the possibility of parole, plus two years. The offenses underlying these convictions were committed in 1988, when Robinson was 19 years old. On direct appeal, we affirmed the judgment. (*People v. Robinson* (1990) 221 Cal.App.3d 1586, 1592.)

In 2022, Robinson filed a petition for resentencing under what is now section 1172.6. In 2023, the court found he had made a prima facie showing, issued an order to show cause, and set the matter for hearing.

At the evidentiary hearing, the court reviewed the evidence and concluded the prosecution had proven beyond a reasonable doubt that Robinson had been a major participant in the robbery and had acted with reckless indifference to human life. The court reviewed the relevant factors, including express comment on Robinson's age: "How

---

[1] Undesignated statutory references are to the Penal Code.

2

old was the defendant? The defendant was 19. Clearly that is a fact the Court has considered. The court also looks at the fact that . . . when he was 19 [he] was living on his own." The court also specified: "[S]ome of the materials that I read about being 19, they have to do with how quickly things—and then quick to judgment, impulse, lack of impulse control, but this case has nothing to do with that.[¶] It's not like he went into a liquor store, somebody threw a punch, or somebody did something else and then fired. This was people driving . . . quite a distance; sitting on a hill for two to three hours and then going down to then doing the crime. So this is not a spurious event. So plenty of time for reflection for 19 year old to consider the pros and cons of participating in such event. And so the court finds it's not something impulsive reaction from a 19 year old. There's time for reflection."

The court also found that the prosecution had proven beyond a reasonable doubt that Robinson had acted with intent to kill: "Additionally, all the same facts that the Court looked at shows the intent to kill in the Court's view, and even disregarding the jurors—disregarding the jury finding that he had the intent to kill, and he was lying in wait, the evidence does show both his statements to law enforcement, the statements to [an informant], his actions are all indicative of an intent to kill." The court then denied Robinson's petition.

## DISCUSSION

Robinson argues only that the trial court's consideration of his age at the time of his conviction offenses was inadequate. He acknowledges the court's consideration of

3

impulsivity of youth as "one factor to consider," but argues that other characteristics of the young adult brain were also "in play," so the trial court failed to "fully exercise its discretion, which is an abuse of discretion."  We are unpersuaded.

"Effective January 1, 2019, the Legislature passed [Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437)] 'to amend the felony murder rule . . . .' (Stats. 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added [what is now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief."  (*People v. Lewis* (2021) 11 Cal.5th 952, 959; see *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2, (*Strong*).)

In relevant part, section 1172.6, subdivision (a) provides that a "person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts" if three conditions apply.  First, "[a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder."  (§ 1172.6, subd. (a)(1).)  Second, "[t]he petitioner was convicted of murder."  (§ 1172.6, subd. (a)(2).)  Third, "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)

"Penal Code section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' [citation] and those who, 'with the intent to kill,'

aid or abet 'the actual killer in the commission of murder in the first degree' [citation]. Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance." (*Strong, supra*, 13 Cal.5th at p. 708.)

Where, as here, the petitioner makes the requisite prima facie case showing he is entitled to section 1172.6 relief, the superior court issues an order to show cause and holds an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (See § 1172.6, subds. (c), (d)(1).)

Under section 1172.6, subdivision (d)(3), at the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (§ 1172.6, subd. (d)(3).)

The superior court acts as an independent fact finder at a section 1172.6 evidentiary hearing. (See *Gomez v. Superior Court* (2024) 100 Cal.App.5th 778, 787.)

5

"Of course, in a section [1172.6] petition, the trial judge [is not] charged with holding a whole new trial on all the elements of murder. Instead, the parties will focus on evidence made relevant by the amendments to the substantive definition of murder." (*People v. Clements* (2022) 75 Cal.App.5th 276, 298 (*Clements*).)

We review the superior court's decision to deny the petition after an evidentiary hearing for substantial evidence, provided the court understood the elements of the offense and applied the proper standard and burden of proof. (See *People v. Reyes* (2023) 14 Cal.5th 981, 988; *People v. Vargas* (2022) 84 Cal.App.5th 943, 951.)

Robinson's argument fails on the merits.[2] The trial court found Robinson acted with intent to kill, and he has not contested on appeal that substantial evidence supports that conclusion. California courts have extended consideration of a young adult offender's age only to resentencing petitions turning on current law of felony-murder or implied malice murder; they have not extended it to express malice murder. (See *People v. Jimenez* (2024) 103 Cal.App.5th 994, 1005; *People v. Pittman* (2023) 96 Cal.App.5th 400, 417-418.) Rightly so; if Robinson acted with intent to kill, he had the requisite mental state for murder under current law, no matter whether his youth might have some bearing on his ability to appreciate the risks and consequences of dangerous conduct like committing robbery. (*Strong, supra*, 13 Cal.5th at p. 708; § 189.)

---

[2] The People argue that Robinson forfeited his claim of error, but in the interest of judicial economy we prefer to address the claim on the merits.

Because the trial court found Robinson acted with intent to kill, no authority required it to consider his youth at all, as it was not a relevant consideration. We need not consider whether, in the absence of that intent to kill finding, the trial court's consideration of Robinson's youth in relation to other theories of murder would have been adequate.

## DISPOSITION

The order denying Robinson's petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____

                                                          J.

We concur:

RAMIREZ_____
                    P. J.

FIELDS_____
                J.