**Steven D. ORR, Plaintiff—Appellant,**

v.

**John FAULISS, Detective; et al.,
Defendants—Appellees.**

No. 01–16611.

D.C. No. CV–00–00747–LDG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Steven D. Orr, a Nevada state prisoner, appeals pro se the district court's summary judgment for defendants in his action alleging that defendants violated his civil rights by failing to protect his identity as a confidential informant, providing him with defective slippers, and reneging on a deal for parole. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

The district court properly granted summary judgment on Orr's failure to protect claim because the record did not present a triable issue as to whether Fauliss was deliberately indifferent to Orr's safety. *Cf. Wood v. Ostrander*, 879 F.2d 583, 588

(9th Cir.1989) (holding that plaintiff who provides evidence of acts more severe than a lack of due care may withstand summary judgment motion on a failure to protect claim). Furthermore, Orr failed to create a triable issue as to municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The district court properly dismissed Orr's claim regarding the defective shower slippers because Orr alleged in his amended complaint that he did not exhaust available grievance procedures. *Cf. Wyatt v. Terhune*, 280 F.3d 1238, 1246 (9th Cir. 2002) (holding that exhaustion is an affirmative defense where the face of the complaint and exhibits thereto do not establish a failure to exhaust).

The district court properly dismissed without prejudice Orr's claim regarding parole because that claim necessarily implicates the validity of his continuing confinement, and Orr did not allege that his sentence had been reversed, expunged or otherwise called into question by issuance of a writ of habeas corpus. *See Butterfield v. Bail*, 120 F.3d 1023, 1024–25 & n. 1 (9th Cir.1997).

The district court did not abuse its discretion by cutting off discovery because Orr did not show that additional discovery would have prevented summary judgment. *See Hall v. Hawaii*, 791 F.2d 759, 761 (9th Cir.1986).

The district court did not abuse its discretion by denying Orr's motion for appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

We deny defendants' request for attorney fees without prejudice to renewal in a separately filed motion. *See* Ninth Cir. R. 39–1.6.

Orr's remaining contentions lack merit.

AFFIRMED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

