**Raymond Keith ALDRIDGE,**
**Plaintiff–Appellant,**

v.

**James GOMEZ, Director of the CA Dept of Corrections; et al.,**
**Defendants–Appellees.**

No. 01–16849.

D.C. No. CV–97–00068–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM **

Raymond Keith Aldridge, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging due process violations under the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We must affirm on any basis supported by the record. *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir.2000) (en banc).

Because Aldridge does not have a liberty interest in avoiding placement in administrative segregation, the district court properly granted summary judgment for defendants on his procedural due process claims related to his placement in administrative segregation. *See May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.1997).

Because Aldridge's first disciplinary hearing was vacated upon administrative appeal due to procedural deficiencies and he was given a new hearing before a different hearing officer, the district court properly granted summary judgment for defendants on his procedural due process claims related to his initial disciplinary hearing.

Because the discipline imposed after the second hearing—revocation of thirty days'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

good-time credit—affected the duration of Aldridge's sentence, and the sanction has not been expunged, summary judgment was proper on Aldridge's procedural due process claims related to his second hearing. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Butterfield v. Bail,* 120 F.3d 1023, 1024–25 (9th Cir.1997).[1]

We reject Aldridge's contention regarding his requests for additional discovery. *See Barona Group of the Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.,* 840 F.2d 1394, 1400 (9th Cir.1987).

AFFIRMED.

---

1. Dismissal of this claim is construed as without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.