120 F.3d 1023
 97 Cal. Daily Op. Serv. 5904, 97 Daily Journal
D.A.R. 9502
Richard A. BUTTERFIELD, Plaintiff-Appellant,
v.
Katherine S. BAIL; George Johnson; David L. Carlson; Kaye
Adkins; Robert E. Trimble; Defendants # 1-9,
agents of the Indeterminate Sentence
Review Board, Defendants-Appellees.
 No. 95-35760.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 7, 1996.
Submission Deferred Nov. 15, 1996*.
Resubmitted July 21, 1997.
Decided July 25, 1997.
 
 Richard A. Butterfield, Airway Heights, WA, pro se appellant.
 John Scott Blonien, Deputy Attorney General, Olympia, WA, for appellees.
 Appeal from the United States District Court for the Eastern District of Washington; Robert J. Bryan, District Judge, Presiding. D.C. No. CV-94-05726-RJB.
 Before: BRUNETTI and O'SCANNLAIN, Circuit Judges, and WILLIAMS,** District Judge.
 BRUNETTI, Circuit Judge:
 
 
 1
 Washington state prisoner Richard A. Butterfield appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendants violated his due process rights when they relied on false information in Butterfield's prison file to find him ineligible for parole. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim, see Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1988), and we affirm.
 
 I.
 
 2
 Butterfield contends that the district court erred when it found that his action was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Heck precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (citing Heck, 512 U.S. at 486-87, 114 S.Ct. at 2371-72). We previously held that Heck does not bar a prisoner's § 1983 claim that purports to challenge an allegedly unconstitutional prison hearing solely on the ground that the hearing was procedurally defective. See Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.1995), vacated, --- U.S. ----, 117 S.Ct. 1840, 137 L.Ed.2d 1045 (1997) (holding that a prisoner who challenged prison procedures used to deny him good-time credits, and not actual denial of those credits, stated a cognizable claim under § 1983). That rule was expressly disapproved by the Supreme Court in Edwards v. Balisok, --- U.S. ----, ----, 117 S.Ct. 1584, 1587, 137 L.Ed.2d 906 (1997).
 
 
 3
 In Balisok, the Supreme Court held that a prisoner's challenge to the procedures used in a disciplinary proceeding resulting in the denial of good-time credit was not cognizable under § 1983. Id. at ----, 117 S.Ct. at 1587. The Balisok Court concluded that the determination whether a cause of action may be cognizable under § 1983 may not be made simply upon the distinction between those claims which challenge the process used in reaching a result and those claims which explicitly challenge the substantive result. Id. Rather, the determination whether a challenge is properly brought under § 1983 must be made based upon whether "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Id. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983.
 
 II.
 
 4
 Here, Butterfield alleges that defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole. We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement. See Elliott v. United States, 572 F.2d 238, 239 (9th Cir.1978) (challenge to parole board's reliance on inaccurate information appropriately brought as a petition for a writ of habeas corpus). Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole. This is true whether that denial is alleged to be improper based upon procedural defects in the parole hearing or upon allegations that parole was improperly denied on the merits. Appellant's civil claim for damages amounts to a collateral attack on his denial of parole and subsequent incarceration. Heck does not permit this.[1]
 
 
 5
 The fact that Butterfield seeks money damages rather than parole as a remedy does not alter this conclusion. Although this court is not empowered to grant Appellant parole as a remedy to the alleged procedural defects in his parole hearing, the remedy he ultimately seeks is parole. Appellant would not challenge the alleged procedural defects in his parole hearing if he did not believe that, were those procedural defects remedied, he would be paroled. Further, although Appellant does not in form challenge the legality or length of his confinement, in substance his damages may only be measured by that confinement. Any money damages that would be assessed against defendants in this case would necessarily be based upon the harm to Appellant in having his parole denied, i.e., damages will inevitably be measured by the denial of parole--Butterfield's continuing confinement.
 
 III.
 
 6
 Because Butterfield's § 1983 claim necessarily implicates the validity of his continuing confinement, it does not accrue unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of writ of habeas corpus. Heck, 512 U.S. at 487, 114 S.Ct. at 2372. We conclude that Butterfield failed to state a cognizable claim under section 1983 and that the district court properly dismissed his action for failure to state a claim. See Fed.R.Civ.P. 12(b)(6).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 Hon. Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 We are supported in this conclusion by two of our sister circuits. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir.1996) (claim that parole revocation was invalid based upon false statements made in parole violation warrant and general due process violations associated with revocation of parole "necessarily implies the validity of his parole revocation" and therefore cognizable only in habeas); McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.1995) ("an action attacking the validity of parole proceedings calls into question the fact and duration of confinement," and therefore must be brought as a petition for writ of habeas)