139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Albert PHELPS, Plaintiff-Appellant,
v.
Wendy M. BOWMAN; Dorothy M. Rogers; Zambonia, Detective,
Sparks PD; Dorothy Nash Holmes, District Attorney Washoe
County; A. Williams, Officer, (NNCC); Roy Torvenin,
District Judge, (Retired); Connie J. Steinheimer, District
Judge, Washoe County, Dept. # 4; James J. Stone, District
Judge, Washoe County, Dept. # 10; Michael Fondi, District
Judge, Carson City, Dept. # 1; James Lucas, Attorney of
Trial Record; Joseph Plater, Attorney before CA No. #
C80-1592, Dept. # 10 before Judge Stone; Lupi Gunderson,
Chairperson, Nevada Parole Board; Brenda M. Burns, Warden,
(NNCC) Northern Nevada Correctional Center; VOGT, Head
pyschologist at NNCC; Chappel, Professor of psychiatry,
UNR-University; John and Jane Does, 1 - 50, Defendants-Appellees.
 No. 97-15469.
D.C. No. CV-94-00902-ECR.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the District of Nevada Edward C. Reed, Jr., District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Phelps, a Nevada state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. § 1983 action alleging that prison officials violated his constitutional rights in determining his suitability for parole. We review the dismissal de novo, see Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997), and we affirm.
 
 
 3
 As an initial matter, the bulk of Phelps's informal brief and the entirety of his reply brief address issues not raised in his fourth amended complaint. Our review is limited to the contents of the fourth amended complaint. See Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992).
 
 
 4
 Phelps contends that the district court erred by dismissing his claim that Nev.Rev.Stat. § 200.375 violates his Fifth Amendment privilege against self-incrimination because it requires him to admit that he committed his underlying sexual assault offense as a condition of parole eligibility. This contention lacks merit. See Neal v. Shimoda, 131 F.3d 818, 832 (9th Cir.1997) (stating that requiring an inmate to admit his sex offense does not violate the privilege against self-incrimination).
 
 
 5
 Phelps contends that the district court erred by dismissing his claim that the application of NEV.REV.STAT. § 200.375 to him violates the Ex Post Facto Clause. This contention lacks merit. Cf. Neal, 131 F.3d at 827 (stating that denying an inmate parole following his classification as a sex offender so that he can participate in a mandatory treatment program, for conduct which occurred prior to the program's beginning, does not violate the Ex Post Facto Clause).
 
 
 6
 Phelps contends that the district court erred by dismissing his claim that he was denied access to a qualified psychiatric professional to assist him before the "psyche panel," in violation of his due process rights. We disagree. We are aware of no authority providing an inmate with the right to a qualified psychiatric professional to assist the inmate before the psyche panel.
 
 
 7
 Phelps finally contends that the district court erred by dismissing his claim that the "psyche panel" treated other inmates with similar underlying offenses differently, in violation of the Equal Protection Clause. We disagree. The district court provided Phelps with numerous opportunities to amend his complaint to identify at least one inmate with a similar offense who was treated differently by the "psyche panel," and Phelps failed to do so. See Jackson Water Works, Inc. v. Public Utils. Comm'n, 793 F.2d 1090, 1092 (9th Cir.1986).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant's September 15, 1997 motion for immediate release from prison is denied