139 F.3d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WILLIAMS, Plaintiff-Appellant,
v.
Harms, Officer; D.R. Smith, Lieutenant; R. Ecklind,
C.O.;--Ferguson;--Hill, C/O;--Daniels, C/O; P.B. Long,
Correctional Counselor; Charles Marshall,
Warden;--Williams, Correctional Officer;--South,
Correctional Officer, Defendants-Appellees.
 No. 97-16581.
D.C. No. CV-96-03236-CW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 20, 1998.
 
 Appeal from the United States District Court for the Northern District of California Claudia Wilken, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner John Williams appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated in connection with two disciplinary hearings and that his safety was compromised by the release of information from his central file. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 With respect to Williams's claims that his constitutional rights were violated during the course of two disciplinary hearings and the administrative appeals that followed, the district court did not err by dismissing these claims because they are not cognizable under section 1983. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997).
 
 
 4
 With respect to Williams's claim for deliberate indifference to his safety, Williams failed to sufficiently allege that defendant Ferguson revealed confidential information from Williams's central file to other inmates. Further, even if Ferguson had done so, Williams did not state how the release of this information threatened his safety. See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (holding that prisoner must establish that prison officials were deliberately indifferent to serious threats to prisoner's safety). Accordingly, because Williams failed to cure these deficiencies in his amended complaint, after being directed by the district court to do so, the district court did not err by dismissing Williams's deliberate indifference claim.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed Williams's action pursuant to 28 U . S.C. § 1915A(b). To the extent that the district court dismissed Williams's action because it was frivolous, we review for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). To the extent that the district court dismissed Moore's action because it failed to state a claim, we review de novo. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). The outcome of this appeal, however, is not dependent on the standard of review because the district court's dismissal of Williams's action would be affirmed under either standard