141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jefferson Douglas WALKER, Plaintiff-Appellant,
v.
STATE of California; Dan Lungren, Attorney General,
Defendants-Appellees.
 No. 97-16163.
D.C. No. CV-94-1965-GEB (GGH).
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Jefferson Douglas Walker appeals pro se the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action for lack of standing. Walker alleged, among other things, that Cal. Evid.Code § 1107 (West 1995) was unconstitutional because the statute barred him from introducing evidence at his criminal trial that he was a victim of domestic violence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Takhar v. Kessler, 76 F.3d 995, 999 (9th Cir.1996), and may affirm on any basis fairly supported by the record, see Trimble v. City of Santa Rosa, 49 F.3d 583, 584 (9th Cir.1995) (per curiam).
 
 
 3
 We affirm the district court's dismissal of Walker's challenge to Cal. Evid.Code § 1107, because a successful challenge would necessarily imply the invalidity of Walker's sentence and continuing confinement. See Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir.1997); cf. Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.1997) (concluding that Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), did not bar plaintiffs' due process challenge to their sex offender labels because a victory would not alter the determination of plaintiffs' parole requests).
 
 
 4
 We also affirm the district court's dismissal of Walker's challenge to Cal.Penal Code § 4801 (West 1982 & Supp.1992), because Walker concedes that the Governor of California has yet to deny his request for commutation. Accordingly, the claim is not ripe for adjudication. See 18 Unnamed John Smith Prisoners v. Meese, 871 F.2d 881, 882-83 (9th Cir.1989).
 
 AFFIRMED.[1]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We deny Walker's request for appointment of counsel and defendants' request for attorney fees