**Robert William HILTUNEN,
Plaintiff–Appellant,**

**v.**

**Robert BAYER; Donald Molde; Sherman Hatcher; Frederick Pope; Francine Green, Defendants–Appellees.**

No. 99–16324.
D.C. No. CV–99–00091–JBR/LRL.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hiltunen's request for oral argument is denied.

**630**

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

■ Robert William Hiltunen, a Nevada state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action without prejudice as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We vacate and remand.

Hiltunen alleged that he was denied due process at a pre-parole hearing where a panel refused to certify that he is "not a menace to the health, safety or morals of others" under Nev.Rev.Stat. § 213.1214. He also alleged that consideration of his "significant alcohol problem" at the pre-parole hearing violated the Americans with Disabilities Act. Hiltunen did not attack the procedures or outcome of his subsequent parole hearing.

■ We conclude that Hiltunen's allegations do not necessarily imply the invalidity of his parole denial and thus his continuing confinement. *Cf. Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997). If Hiltunen prevails on his claims, "it will in no way *guarantee* parole or necessarily shorten [his] prison sentence[ ] by a single day" because the parole board will still have authority to deny parole "on the basis of any of the grounds presently available to it in evaluating such a request." *Neal v. Shimoda,* 131 F.3d 818, 824 (9th Cir.

1997) (emphasis in original); *Bogovich v. Sandoval,* 189 F.3d 999, 1003–04 (9th Cir. 1999). Accordingly, the district court erred by requiring that Hiltunen first seek invalidation of his parole denial via a writ of habeas corpus. *See Neal,* 131 F.3d at 824; *Bogovich,* 189 F.3d at 1004. We vacate the district court's judgment and remand for further proceedings.

Hiltunen's "Motion to Appoint Counsel on Oral Arguments" is denied.

**VACATED and REMANDED.**

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.