**Ara AINTABLIAN, Plaintiff— Appellant,**

**v.**

**Michael K. MADDING, Warden; et al., Defendants—Appellees.**

**No. 00–15464.**

**D.C. No. CV–99–05389–AWI/DLB.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2001 *.

Decided Oct. 23, 2001.

Before REINHARDT, GRABER and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ara Aintablian, a California state prisoner, appeals pro se the district court's judgment pursuant to 28 U.S.C.1915A dismissing for failure to state a claim his 42 U.S.C. § 1983 action alleging that he was denied due process when he was deprived of his paid work assignment and information was placed in his prison file following a disciplinary investigation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

 Dismissal was proper because Aintablian's complaint failed to allege a deprivation of a constitutionally protected right. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1094–95 (9th Cir.1986) (inmates have no constitutional right to participate in prison work programs). To the extent that Aintablian is speculating that he may be denied parole on the basis of the information in his prison file, this does not state a cognizable claim under section 1983. *See Butterfield v. Bail*, 120 F.3d 1023, 1024–25 (9th Cir.1997). Because amendment could not cure the defects, the district court did not abuse its discretion by denying Aintablian a second opportunity to amend his complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).