Joseph CERNY, Plaintiff–Appellant,

v.

Kathryn S. BAIL, Chairman, The Indeterminate Service Review Board; et al., Defendants–Appellees.

No. 01–35162.

D.C. No. CV–99–05061–EFS.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2001 *.

Decided Jan. 2, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, TROTT and PAEZ, Circuit Judges.

MEMORANDUM **

 Joseph Cerny, a Washington state prisoner, appeals pro se the district court's judgment for defendants in Cerny's action alleging disability discrimination in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.[1]

The district court properly dismissed Cerny's damages claims because "few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole." *Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997). Because dismissals under *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), are without prejudice to renewal, we construe the district court's judgment as a dismissal without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We note that the record does not show that Cerny received summary judgment notice

The district court properly considered and granted summary judgment on Cerny's claims for declaratory and injunctive relief. *See Bogovich v. Sandoval,* 189 F.3d 999, 1003 (9th Cir.1999).

The district court properly considered whether the parole eligibility policies of the Washington Department of Corrections and the Intermediate Service Review Board were "reasonably related to legitimate penological interests." *See Gates v. Rowland,* 39 F.3d 1439, 1447 (9th Cir.1994) (citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

The district court did not abuse its discretion by imposing a sanction on Cerny for his failure to demonstrate candor to the court in stating that he had not filed prior lawsuits in federal court while a prisoner. *See Estrada v. Speno & Cohen,* 244 F.3d 1050, 1058 (9th Cir.2001).

AFFIRMED.

comporting with the requirements set forth in *Rand v. Rnowland,* 154 F.3d 952, 960–61 (9th Cir.1998) (en banc). However, because Cerny understood the nature of summary judgment, any *Rand* error is harmless. *See id.* at 961.