**John F. GARFIELD, Plaintiff-Appellant,**

v.

**Carol DALY; * et al., Defendants-Appellees.**

No. 01–16243.

D.C. No. CV–96–01996–WBS/GGH.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002 **.

Decided May 28, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM ***

John F. Garfield, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action seeking to replace state parole board members with panel members appointed by the district court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997), and we affirm.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

The district court properly dismissed Garfield's action because the proposed injunctive relief is intrusive and unworkable, and Garfield has adequate state remedies to address any violations of law that state officials may commit in denying him parole. *See O'Shea v. Littleton,* 414 U.S. 488, 500–02, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *In re Rosencrantz,* 116 Cal.Rptr.2d 69, 81 (Cal.Ct.App.2002) (governor's decision to reverse the parole board is subject to judicial review); *Terhune v. Superior Court (In re Rosenkrantz),* 80 Cal.App.4th 409, 95 Cal.Rptr.2d 279, 293–94 (Cal.Ct. App.2000) (prisoner may challenge parole board's decision by way of a habeas corpus petition).

Garfield's motion for judicial notice is denied.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Jackson's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.