Rex CHAPPELL, Plaintiff—Appellant,

v.

K. REED; et al., Defendants—
Appellees.

No. 03–15250.

United States Court of Appeals,
Ninth Circuit.

32

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Rex Chappell, pro se, Corcoran, CA, for Plaintiff–Appellant.

Constance Picciano, Esq., Office of the California Attorney General (SAC), Sacramento, CA, for Defendants–Appellees.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Rex Chappell, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging prison officials violated his civil rights by falsifying disciplinary reports after he refused to cooperate with a urinalysis drug test. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We affirm.

The district court properly dismissed without prejudice Chappell's claims that defendants' conduct resulted in the revocation of his good time credits, *see Blueford v. Prunty,* 108 F.3d 251, 255 (9th Cir.1997), because a challenge to the validity of a judgment or continuing confinement must be brought as a petition for a writ of habeas corpus, not a section 1983 action, *see Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997).

The district court properly dismissed Chappell's due process claims, because under the circumstances as alleged, requiring Chappell to take a urinalysis test for drugs did not constitute an atypical and significant hardship in relation to the ordinary

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

incidents of prison life. *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Chappell failed to state a claim that defendants violated his equal protection rights, because he did not allege that defendants intentionally discriminated against him. *See FDIC v. Henderson,* 940 F.2d 465, 471 (9th Cir.1991). Chappell also failed to state a claim under the Eighth Amendment, because his complaint fails to allege defendants acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Accordingly, the district court properly dismissed these claims.

The district court liberally construed Chappell's complaint as attempting to state a retaliation claim. Dismissal of this claim was proper, because Chappell failed to allege an infringement of his First Amendment rights, or any chilling effect. *See Resnick,* 213 F.3d at 449.

The remaining contentions lack merit.

Chappell's November 3, 2003 motion for sanctions is denied.

**AFFIRMED.**