**Leroy R. DEHAVEN, Plaintiff—Appellant,**

v.

**Arnold SCHWARZENEGGER,\* Governor of California, Defendant—Appellee.**

No. 03–16832.

D.C. No. CV–01–00154–LKK.

United States Court of Appeals, Ninth Circuit.

* Arnold Schwarzenegger is substituted for his

Submitted Feb. 7, 2005.**

Decided Feb. 14, 2005.

Leroy R. Dehaven, R.J. Donovan Correctional Facility, San Diego, CA, for Plaintiff–Appellant.

Stephen P. Acquisto, Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendant–Appellee.

predecessor, Gray Davis, as Governor for the State of California. See Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

LeRoy De Haven, a California state prisoner, appeals pro se the district court's summary judgment and judgment on the pleadings in his 42 U.S.C. § 1983 action against former California Governor, Gray Davis after he was denied parole for the third time in May 1997. De Haven brought several claims under 42 U.S.C. § 1983, challenging the Governor's alleged "no parole policy" for inmates convicted of murder. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815, 816 (9th Cir. 1994), and we affirm.

■ The district court properly granted judgment on the pleadings as to De Haven's bill of attainder claim because De Haven's claim did not challenge a legislative act that "determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Seariver Maritime Financial Holdings Inc. v. Mineta*, 309 F.3d 662, 668 (9th Cir.2002) (citation omitted).

■ The district court also properly granted judgment on the pleadings as to De Haven's obstruction of justice claim because obstruction of justice is a criminal charge that does not provide a private cause of action. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir.1997).

■ The district court properly granted summary judgment as to De Haven's due process claim, because any claim

based on past denials of parole is barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), *see Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997), and any claim for future harm fails because De Haven lacks concrete injury for which he would have standing to sue. *See Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 210–11, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995).

■ The district court properly granted summary judgment as to De Haven's equal protection claim because he failed to show how he was treated differently from other similarly situated prisoners. *See Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989).

De Haven's contention that the district court failed to address his constitutional challenge to Cal. Pen.Code § 3041 is not correct. As De Haven acknowledges, the Magistrate Judge discussed this statute in his Findings and Recommendations, and the district court subsequently adopted the Findings and Recommendations in full.

**AFFIRMED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.