**Donald J. PANDO, Plaintiff—Appellant,**

v.

**Joe KELLEJIAN; et al., Defendants—Appellees.**

**No. 05–56133.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald J. Pando, Solana Beach, CA, pro se.

Steven E. Boehmer, Esq., McDougal Love & Eckis, El Cajon, CA, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

Donald J. Pando appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997), and we affirm.

The district court properly dismissed this action, because Pando's amended complaint failed to adequately allege a claim for a violation of his constitutional rights. *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987) (noting that pro se litigants are subject to procedural rule that all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived). The district court also properly concluded Pando's amended complaint did not contain a "short and plain" statement of the claims for relief as required by Fed.R.Civ.P. 8(a). *See Jones v. Cmty. Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984). Moreover, given the nature of Pando's allegations, amendment would be futile. *See id.* at 650–51.

Pando's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

