James W. **BRAMMER**, Plaintiff–Appellant,

v.

Teresa **ROCHA**, Acting Director of California Department of Corrections; et al., Defendants–Appellees.

No. 05–56296.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 21, 2007.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James W. Brammer, Coalinga, CA, pro se.

Atty. Gen. CAS, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

MEMORANDUM **

California state prisoner James W. Brammer appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim under the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

■ The district court properly concluded Brammer failed to state a deliberate indifference claim because the complaint failed to adequately allege supervisory defendants' personal involvement in an Eighth Amendment violation, and the doctrine of respondeat superior is not applicable. *See Bonner v. Lewis,* 857 F.2d 559, 566 (9th Cir.1988).

■ The district court also properly concluded Brammer failed to allege an actual injury in support of his claim that defendants interfered with his access to courts, *see Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), or an "atypical and significant hardship" giving rise to a liberty interest in support of his claim that he was improperly placed on "C status," *see Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003).

■ The district court properly dismissed without prejudice Brammer's claims that defendants' actions resulted in the loss of good-time credits, *see Blueford v. Prunty,* 108 F.3d 251, 255 (9th Cir.1997), because a challenge to the validity of a judgment or continuing confinement must be brought as a petition for a writ of habeas corpus, not a section 1983 action, *see Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997).

ed by 9th Cir. R. 36–3.

Finally, the district court properly concluded Brammer failed to adequately allege facts sufficient to support claims for conspiracy, *see Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir.1992), or retaliation, *see Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Brammer's remaining contentions lack merit.

**AFFIRMED.**