Gary Wade WILLIAMS, Plaintiff–Appellant,

v.

Donald HOLEVINSKI; et al., Defendants–Appellees.

No. 06–35711.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 26, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument, and we therefore deny Williams' request for oral argument. *See* Fed. R.App. P. 34(a)(2).

Gary Wade Williams, Airway Heights, WA, pro se.

Amanda M. Migchelbrink, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Before: TASHIMA, SILVERMAN, and CALLAHAN, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

## MEMORANDUM **

Gary Wade Williams, an Alabama state prisoner incarcerated in Washington state, appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir.1999) (dismissals based on statute of limitations); *Osborne v. Dist. Atty's Office for the Third Judicial Dist.*, 423 F.3d 1050, 1053 (9th Cir.2005) (dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)), and we affirm.

The district court properly found that Williams was not entitled to equitable tolling because Williams failed to plead sufficient facts to account for his lack of diligence in pursuing remedies. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir.1993) (holding that the burden to plead facts which would give rise to equitable tolling falls upon the plaintiff).

The district court properly dismissed without prejudice Williams' claims alleging that defendants interfered with his parole proceedings because the claims necessarily implicate the validity of his confinement and must be brought in a habeas petition. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) ("We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement.")

To the extent that Williams raises an Equal Protection claim in his briefs, we decline to review this argument. *See Indep. Towers of Washington v. Washington,*

350 F.3d 925, 929 (9th Cir.2003) (declining to review arguments not adequately developed in the briefs on appeal).

We deny Williams' request to reconstitute the original panel.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.