Blaine **MURRAY**, Plaintiff–Appellant,

v.

State of **IDAHO**; et al., Defendants–Appellees.

No. 07–36097.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

640

Submitted Feb. 18, 2009.*
Filed March 2, 2009.

Blaine Murray, Idaho Falls, ID, pro se.

James D. Carlson, Esq., Office of the Idaho Attorney General, Boise, ID, Blake G. Hall, Esq., Anderson Nelson Hall Smith, Idaho Falls, ID, for Defendants–Appellees.

Before BEEZER, FERNANDEZ and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Blaine Murray appeals pro se from the district court's summary judgment in his

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

42 U.S.C. § 1983 action alleging constitutional violations in connection with his prosecution in Idaho state court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm in part, reverse in part, and remand.

■ The district court properly granted summary judgment on Murray's claims against the State of Idaho, the Idaho Department of Fish & Game, and Senior Conservation Officer Charlie Anderson, in his official capacity, because the claims are barred under the Eleventh Amendment. *See Regents of the Univ. of Calif. v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997) (explaining Eleventh Amendment immunity extends to states and state agencies); *Flint v. Dennison,* 488 F.3d 816, 824–25 (9th Cir.2007) (explaining that Eleventh Amendment immunity extends to state officials in their official capacity).

■ To the extent that Murray asserted a constitutional claim against Anderson in his individual capacity stemming from allegations that Anderson gave false testimony, the district court erred in concluding that the claim was time-barred. Because success on Murray's claim would have necessarily implied the invalidity of his conviction, the claim did not accrue until Murray's state court conviction was overturned. *See Heck v. Humphrey,* 512 U.S. 477, 489–90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (providing that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated," without regard to the basis for which the conviction has been invalidated); *see also Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997) (concluding that § 1983 claim had not accrued, where challenge to

defendants' use of false information in denying parole necessarily implicated the validity of plaintiff's continuing confinement). The record shows that Murray's state court conviction was overturned in December 2006 and Murray filed his complaint in April 2007, within the applicable two-year statute of limitations. *See* Idaho Code Ann. § 5–219. Accordingly, we reverse the judgment as to this claim and remand to the district court for further proceedings.

The district court properly granted summary judgment on Murray's claims against Fremont County Deputy Prosecuting Attorney Troy Evans based on prosecutorial immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (applying absolute immunity to prosecutor's action in case where plaintiff claimed that the prosecutor had knowingly used false testimony in a trial); *see also Nation v. State Dep't of Corrs.,* 144 Idaho 177, 158 P.3d 953, 964 (2007) (explaining that Idaho state law also recognizes absolute prosecutorial immunity).

■ The district court properly granted summary judgment on Murray's section 1983 claims against the County of Fremont, as there is no vicarious liability under section 1983, and Murray put forth no evidence of a policy or custom amounting to deliberate indifference to his constitutional rights. *See City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue."); *see also Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1110–11 (9th Cir.2001) (concluding that summary judgment was proper where plaintiff presented no evidence of an unconstitutional custom or policy to support her § 1983 claim against the county).

The district court properly granted summary judgment on Murray's malicious prosecution claim because Murray failed to put forth evidence of malice. *See* Idaho Code Ann. § 6-904(3) (providing that governmental entities and employees "acting within the course and scope of their employment and without malice or criminal intent shall not be liable for any claim which ... [a]rises out of ... malicious prosecution.").

Murray's remaining contentions are unpersuasive.

Fremont County's and Troy Evans' request for attorneys' fees on appeal is denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.