NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 20, 2011[*]
Decided Ocotber 21, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1086

| | |
|---|---|
| LARRY J. BROWN, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CV-00519 |
| JAYNE HACKBARTH, et al. <br> *Defendants-Appellees.* | Lynn Adelman, <br> *Judge.* |

**O R D E R**

Larry Brown, a Wisconsin inmate, appeals the dismissal of his claims under 42 U.S.C. § 1983 alleging due process violations on the part of prison officials in connection with his prison records, as well as the grant of summary judgment for two members of the

---

[*] The prison-official defendants in this case were not served with process in the district court and are not participating in this appeal. Two other defendants, the parole commissioners, were served and have submitted a brief. After examining the submissions and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief, the brief of the participating appellees, and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Wisconsin Parole Commission on his claims challenging the retroactive application of parole procedures to his case. We affirm.

Brown's complaint alleged the following facts, which we must accept as true at this time. *See Tamyo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Brown is currently serving an 80-year prison sentence for an armed robbery and three sexual assaults he committed in 1983. In 2004 a prison psychiatrist changed Brown's records to say that he needed to participate in both a treatment program for severe sex offenders and an "alcohol and other drugs of addiction program." Brown insists that he had no genuine need for either recommended program. He asked prison officials to correct his records, but they refused to do so.

Brown sued, alleging that (1) the prison officials' failure to remove the recommendations from his records violated his due process rights, and (2) the parole commissioners violated the Ex Post Facto Clause when denying his most recent parole request. He requested compensatory and punitive damages from the prison officials and prospective injunctive relief from the commissioners. At screening, the district court dismissed the due process claim, concluding that he did not have a protected interest in discretionary parole and therefore did not state a plausible due process claim. *See* 28 U.S.C. § 1915A(b)(1). Brown was allowed to proceed with his ex post facto claim against the parole commissioners.

The materials Brown submitted in support of his ex post facto claim, construed in his favor, showed how Wisconsin parole statutes were changed after 1983—the year he committed his crimes. Ten years later, in 1993, Wisconsin modified its mandatory release laws to explicitly allow parole commissioners to deny parole to prisoners who do not complete recommended treatment programs. *See* WIS. STAT. § 302.11(1g)(b)(2) (1993–94). That same year, Wisconsin modified its parole regulations to list a prisoner's "institutional records" as evidence to be considered by the parole commission when considering whether to grant a prisoner discretionary parole. *See* WIS. ADMIN. CODE PAC § 1.02 (1993). No such proviso appeared in the statutes and regulations in effect in 1983, when Brown committed his crimes. *See* WIS. STAT. § 57.06(1) (1983–84); WIS. ADMIN. CODE HSS § 30.02(1) (1983). At his most recent parole hearing in 2008, the parole commission denied parole, citing, among other evidence, institutional records showing that he had not completed recommended treatment programs.

The district court granted summary judgment for the parole commissioners. The court concluded that Brown had presented no evidence that either WIS. STAT. § 302.11(1g)(b)(2) or WIS. ADMIN. CODE PAC § 1.02 had actually affected his eligibility for parole. Additionally, the mandatory parole statute Brown cited did not apply to him—it applied only to prisoners who committed their crimes after 1994, and Brown committed his in 1983. *See* WIS. STAT. § 302.11(am).

On appeal, Brown first insists that the district court erred by ruling that he did not plausibly allege that he had been deprived of a protected liberty interest. He appears to argue that the he alleged a deprivation of *mandatory* parole (which can be a protected liberty interest), but the court misread his complaint as alleging a deprivation of *discretionary* parole (which cannot). *See Grennier v. Frank*, 453 F.3d 442, 444 (7th Cir. 2006). We need not address this claim, however, because it bumps up against the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars claims for damages under § 1983 that would necessarily invalidate a confinement imposed by a legal process, such as a parole board hearing. *See Edwards v. Balisok*, 520 U.S. 641, 645 (1997); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899–900 (7th Cir. 2001); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). Here Brown alleged that he was deprived of eligibility for mandatory parole because false information in his record—the psychiatrist's diagnosis that he needed to complete certain treatment programs—disqualified him from receiving mandatory parole. *See* § 302.11(1g)(b)(2). *Heck* would bar Brown's suit, because a finding that prison officials deprived Brown of a protected liberty interest in mandatory parole would necessarily imply that the board's decision to continue his confinement was invalid.

Brown next reasserts that the commissioners violated the Ex Post Facto Clause by applying WIS. STAT. § 302.11(1g)(b)(2) (1993–94) and WIS. ADMIN. CODE PAC § 1.02 (1993) to his parole denial. Although the commissioners' ruling cites neither provision, Brown appears to believe that their consideration of his institutional records and his refusal to complete treatment programs shows that they implicitly applied these provisions. But a review of a prisoner's records and participation in treatment programs was permitted by the version of the parole statutes in effect in 1983, when Brown committed his crimes. The operative version of that statute, WIS. STAT. § 57.06 (1983–84), leaves parole decisions to the discretion of the parole board and does not prohibit the board from considering a prisoner's records in reaching its decision. Further, the parole regulation in effect in 1983, WIS. ADMIN. CODE HSS § 30.02(1) (1983), states that one purpose of parole consideration is to ensure that parolees receive the "optimum benefit" of available treatment programs. Brown provided no evidence that the commissioners applied an ex post facto law to him, and the district court thus properly granted summary judgment for the commissioners.

Finally, Brown insists that the district court failed to recognize his protected liberty interest in "good time credits" when dismissing his due process claim and erroneously dismissed his claim against Rick Raemish, the Secretary of the Department of Corrections. Neither argument is sufficiently developed with citation to the record or legal authority to permit meaningful review. *See* Fed R. App. P. 28(a)(9); *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011).

AFFIRMED.