**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEVADA ASSOCIATION OF COUNTIES; et al., | No. 15-15620 |
| Plaintiffs - Appellants, | D.C. No. 3:13-cv-00712-MMD-WGC |
| v. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR; et al., | MEMORANDUM[*] |
| Defendants - Appellees, | |
| AMERICAN WILD HORSE PRESERVATION CAMPAIGN; et al., | |
| Intervenor-Defendants - Appellees | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted March 14, 2017[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, McKEOWN, and BYBEE, Circuit Judges.

Nevada Association of Counties, Nevada Farm Bureau Federation, Nevada Bighorns Unlimited, and Crawford Cattle (collectively, NACO) appeal from the district court's judgment of dismissal of their action based on Administrative Procedure Act (APA) and Fifth Amendment due process claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court dismissed NACO's APA claims for lack of subject matter jurisdiction. We review such a dismissal de novo. *ONRC Action v. Bureau of Land Mgmt.*, 150 F.3d 1132, 1135 (9th Cir. 1998). The district court's conclusion that NACO failed to state a due process claim is also reviewed de novo. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997).

The district court did not err in dismissing NACO's APA claims. Federal courts lack jurisdiction over an APA claim that "does not challenge final agency action." *Wild Fish Conservancy v. Jewell*, 730 F.3d 791, 802 (9th Cir. 2013). Here, NACO has failed to identify a specific final agency action, *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990), or discrete action unlawfully withheld, *see Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 62–64 (2004) [hereinafter *SUWA*], that allegedly harmed it. Instead, NACO seeks judicial oversight and direction of virtually the entire federal wild horse and burro management program

2

in Nevada. This sort of programmatic challenge is foreclosed under the APA. *See SUWA*, 542 U.S. at 66–67; *Lujan*, 497 U.S. at 892–94.

Dismissal of NACO's due process claims for failure to state a claim was also proper. In its amended complaint, NACO alleged only that "Defendants violated the Due Process rights of Plaintiffs under the Due Process Claus[e] of Fifth [sic] Amendment to the Constitution in that Defendants failed to follow their own procedures contained both in the Act and in 43 CFR Part 4700." This conclusory assertion is wholly insufficient to carry NACO's burden of providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). Nor did the district court abuse its discretion by denying leave to amend since NACO had already amended its complaint once. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation omitted)).

**AFFIRMED.**