**Michael THOMPSON, Plaintiff—Appellant,**

v.

**E. BOOKE; et al., Defendants—Appellees.**

No. 01–17109.

D.C. No. CV–96–06244–REC.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 12, 2002.

Before GOODWIN, TROTT and GRABER, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Michael Thompson, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials retaliated against him for cooperating with various government investigations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *See Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (reviewing 28 U.S.C. § 1915A dismissal); *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir. 2001) (reviewing Fed.R.Civ.P. 12(b)(6) dismissal); *Weeks v. Bayer,* 246 F.3d 1231, 1234 (9th Cir.2001) (reviewing judgment on the pleadings). We affirm.

Thompson contends that the district court improperly dismissed his retaliation claims. We disagree.

Thompson's first amended complaint alleged, in part, that the defendants retaliated against him by charging him with false prison violations, depriving him of due process during prison disciplinary hearings, and facilitating denial of his parole. These claims were properly dismissed because a judgment in Thompson's favor would necessarily imply the invalidity of the disciplinary sanctions and parole decision. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (barring section 1983 challenge to prison disciplinary hearing because success on the claim would result in automatic reversal of disciplinary sanction); *Butterfield v. Bail,* 120 F.3d 1023, 1024–25 (9th Cir.1997) (barring section 1983 claim challenging substantive result in parole hearing). We construe the dismissal of these claims to be without prejudice to Thompson filing a new action should the prison disciplinary action or parole decision be invalidated. *See Trim-*

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam).

With respect to Thompson's remaining allegations of retaliation, the district court properly granted defendants' motion for judgment on the pleadings because Thompson's vague and conclusory allegations failed to state a claim for relief under section 1983.[1] *See Ove,* 264 F.3d at 821 (stating that "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."); *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir.1988) (holding that conclusory allegations were insufficient to defeat a motion for judgment on the pleadings).

The district court did not abuse its discretion by dismissing Thompson's third amended complaint without leave to amend after giving Thompson notice of the complaint's deficiencies and several opportunities to correct the defects. *See Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

AFFIRMED.

---

1. Because we affirm the district court's dismissal of Thompson's retaliation claim on the merits, we do not consider whether the district court properly granted summary judgment on that claim.

