**Joseph Emanuel LISTER,**
**Plaintiff—Appellant,**

v.

**A.L. KING; et al., Defendants—**
**Appellees.**

No. 04–15849.

D.C. No. CV–00–02108–GEB/PAN.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.[*]

Decided May 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph Emanuel Lister, Represa, CA, pro se.

John M. Appelbaum, Gregory T. Fayard, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM**

California prisoner Joseph Emanuel Lister appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging he was retaliated against for complaining about the behavior of a prison supervisor and wrongfully convicted of a rules violation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both dismissal for failure to state a claim and summary judgment. *Barnett v.*

*Centoni,* 31 F.3d 813, 815, 816 (9th Cir. 1994) (per curiam). We affirm.

■ The district court properly dismissed Lister's equal protection claim because Lister did not allege that any adverse actions taken against him were on the basis of his membership in a protected class. *See Barren v. Harrington,* 152 F.3d 1193, 1194–95 (9th Cir.1998) (order).

■ The district court properly dismissed Lister's due process claims stemming from his disciplinary hearings because he did not sustain a constitutionally cognizable injury as a result of those proceedings. *See Sandin v. Conner,* 515 U.S. 472, 483–85, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is an "atypical and significant hardship" in relation to the ordinary incidents of prison life). To the extent Lister alleges he was denied parole because any mention of the wrongful rules violation was not expunged from his record, the district court properly dismissed this claim. *See Butterfield v. Bail,* 120 F.3d 1023, 1024 (9th Cir.1997) (indicating that a due process challenge to parole procedures implicates the validity of continued confinement, even when a prisoner is not challenging the validity of his conviction, and must be brought in a writ of habeas corpus).

The district court properly determined that the claims against defendants Ostrom and Ramacher should be dismissed because Lister did not exhaust administrative remedies as to those claims before filing his complaint. *See McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002).

---

The district court properly granted summary judgment to King on qualified immunity grounds because the evidence, taken in the light most favorable to Lister, does not show King's disciplinary report was written in retaliation for Lister filing grievances. *See Grossman v. City of Portland,* 33 F.3d 1200, 1208 (9th Cir.1994).

All remaining contentions are unpersuasive.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.