**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMADEO SANCHEZ, | No. 12-16925 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00310-LRH-WGC |
| v. | |
| RENEE BAKER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Amadeo Sanchez, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Sanchez failed to raise a genuine dispute of material fact as to whether Baker knew of and disregarded an excessive risk to Sanchez's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986) (summary judgment was proper where plaintiff had not provided evidence demonstrating that defendants "had any reason to believe" that plaintiff would be attacked).

To the extent that Sanchez's action challenges prior parole suitability decisions or would otherwise necessarily demonstrate the invalidity of the duration of his confinement, it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Butterfield v. Bail*, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (*Heck* bars prisoner's § 1983 action alleging that "defendants violated his due process rights by considering false information in his prison file to find him ineligible for parole").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or documents presented for the first time on appeal. *See*

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject Sanchez's contentions concerning discovery because the record shows that the district court ordered Baker to respond to Sanchez's discovery before it granted summary judgment and the record does not show that the responses were inadequate.

**AFFIRMED.**