ALD-175                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3419
_____

DAVID BROWN,
                                    Appellant

v.

JOHN WILLIAMS, Parole Agent at SCI-Albion;
MICHAEL CARRINGTON, Parole Supervisor at
SCI-Albion; KIMBERLY A. BARKLEY, PBPP,
Secretary;  RODERIC SHOWERS, Unit Manager at
SCI-Albion;  RICHARD M. HALL, Det. Superintendent
at SCI-Albion; JANE DOE, PBPP, Board Member; JOHN
DOE (1), PBPP, Board Member; JOHN DOE (II) PBPP,
Board Member; JOHN DOE (III), PBPP, Board Member;
All Individually and in their Official Capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 1-13-cv-00331)
District Judge: Barbara J. Rothstein
_____

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2016

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: March 16, 2016)
_____

OPINION*
_____

PER CURIAM

Appellant David Brown appeals from an order of the District Court dismissing his civil rights complaint without prejudice.

In a decision by the Pennsylvania Board of Probation & Parole ("Parole Board") dated October 12, 2011, Brown was recommitted to serve twelve months backtime as a convicted parole violator, concurrent with an earlier-imposed nine-month commitment as a technical parole violator. Brown's maximum date was determined to be October 28, 2015. Brown petitioned for review of the Parole Board's decision to impose backtime in the Commonwealth Court of Pennsylvania, which ultimately affirmed on November 25, 2013, see Brown v. Pa. Board of Probation & Parole, 2013 WL 5209938 (Pa. Commw. Ct. November 25, 2013).

Meanwhile, Brown was serving his backtime sentence at the State Correctional Institution in Albion, Pennsylvania ("SCI-Albion"). On or about June 19, 2012, Brown received a favorable parole decision but then, in a decision dated August 31, 2012, the favorable decision was rescinded. After filing an unsuccessful grievance within the prison, Brown filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania, seeking money damages in the amount of $200,000.00 for a violation of his civil rights in connection with the August 31, 2012 unfavorable parole decision.

In his amended complaint, Brown alleged that defendant Parole Supervisor Michael Carrington became angry with him when he demanded a copy of the Parole

2

Board's decision ordering him to serve backtime. Brown alleged that Carrington told him that parole would not be granted if he continued to argue about the Parole Board's decision to sentence him to backtime. Although he was scheduled to be released on parole on July 3, 2012, Brown was not paroled. Brown met with defendant John Williams, a parole agent at SCI-Albion, to ask why he had not been released, and Williams allegedly said: "If you didn't file all them (sic) paperwork, [you] wouldn't be jammed-up." Brown alleged that he met with Carrington and Williams in the middle of August of 2012, and Carrington was hostile to him, stating, "you are not signing any paper" and "[you are] just going to sit in jail with that old number until [you] max[] out." Brown alleged that Carrington was holding his parole release papers when he made these statements.

In short, Brown alleged in his amended complaint that Carrington and Williams falsely told the Parole Board that he had refused to sign his release papers. The exhibits Brown attached to his amended complaint show that, in its August 31, 2012 decision, the Parole Board stated that it was denying parole because Brown had refused to sign his release papers. In addition, defendant Unit Manager Roderic Showers in his Initial Review Response to Brown's grievance explained matters as follows:

> Parole Agent Williams and Parole Supervisor Carrington said that when you were called over to the Parole Department, you refused to cooperate, refused to sign the required paperwork they had for you to sign. You argued with them about the legality of your sentence. They attempted to redirect you to the task at hand on several occasions, but you continued to argue. Therefore, you were sent back to your housing unit. Parole Agent Williams then made a report to the Parole Board and a new action was issued for you to serve your maximum sentence. The action was based upon your behavior and your refusal to cooperate with authorities.

3

Amended Complaint, Exhibit "M."

The defendants moved to dismiss Brown's amended complaint, Fed. R. Civ. P. 12(b)(6). In an order entered on September 21, 2015, the District Court dismissed it without prejudice as barred by Heck's favorable termination rule, Heck v. Humphrey, 512 U.S. 477, 487 (1994). The Court reasoned that a judgment in favor of Brown would necessarily imply the invalidity of the Parole Board's decision not to grant him parole, because Brown had alleged that Carrington and Williams submitted fabricated evidence to the Parole Board, which then based its decision to revoke parole solely on the fabricated evidence.

Brown appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted Brown leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. He has also submitted a motion for appointment of counsel. Brown argues that the District Court misconstrued his complaint. Relying on Wilkinson v. Dotson, 544 U.S. 74 (2005), he argues that his complaint is primarily a First Amendment claim that Carrington and Williams retaliated against him in violation of his constitutional rights for arguing with them about the legality of the Parole Board's order recommitting him to serve backtime, and, therefore, his suit is not barred by Heck.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. "To survive

4

a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).

Heck concluded "that the principle that civil tort actions cannot be used to undermine 'outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" Torres v. Fauver, 292 F.3d 141, 147 (3d Cir. 2002) (quoting Heck, 512 U.S. at 486). "Heck thus adopted the favorable termination rule: if the success of a § 1983 damages suit 'would necessarily imply the invalidity of his conviction or sentence,' the plaintiff's claim is cognizable only if he can prove that his conviction or sentence was reversed, invalidated, or called into question by a grant of federal habeas corpus relief." Id. (quoting Heck, 512 U.S. at 486-87). Heck's favorable termination rule applies "no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82. See also Edwards v. Balisok, 520 U.S. 641, 646-47 (1997). We have held that Heck bars a prisoner's claim that state officials violated his constitutional rights by deciding that he was ineligible for parole unless and until that decision has been invalidated by an appropriate tribunal. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). See also Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the

5

validity of continued confinement more directly than the allegedly improper denial of parole.").  That rule applies in Brown's case to the Parole Board's decision to, as Assistant Counsel for the Governor's Office Chad L. Allensworth put it, "rescind [an] unexecuted grant[ ] of parole," Amended Complaint, Exhibit "R."  Because neither of the Parole Board's decisions in Brown's case have been invalidated by an appropriate tribunal, Brown may not attack them in a § 1983 action.

Brown argues that his retaliation claim under the First Amendment is not barred by Heck's favorable termination rule, citing Wilkinson, 544 U.S. 74.[1]  The Supreme Court held in Wilkinson that Heck's favorable termination rule did not bar a prisoner's § 1983 action for declaratory and injunctive relief challenging the constitutionality of the state's parole procedures.  However, the Court's holding was based on its determination that the connection between the allegedly unconstitutional procedures and release from confinement was tenuous; the prisoner's action would not necessarily spell immediate or speedier release, 544 U.S. at 81-82.  Here, the connection between Brown's § 1983 action alleging an unconstitutional denial of parole and his continued confinement is manifest; his § 1983 action would indeed spell immediate or speedier release.  Assuming without deciding that Brown had a First Amendment right to complain with impunity to Williams and Carrington about the legality of his backtime sentence, he himself has alleged that there was a direct connection between their resulting unfavorable recommendation for

---

[1] Retaliation for the exercise of a constitutionally protected right is itself a constitutional violation and is actionable under § 1983, see Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001).

6

parole and the actual denial of parole. Accordingly, Brown's particular First Amendment claim implies the invalidity of the adverse parole decision and <u>Heck</u> thus governs.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Brown's amended complaint without prejudice. His motion for appointment of counsel on appeal is denied.[2]

---

[2] Judges Ambro and Greenberg concur in the judgment, but note that, for the reasons set out by Judge Rendell in her concurrence in <u>Deemer v. Beard</u>, fairness may mandate "that a former prisoner, who no longer has habeas review available [as Mr. Brown does not because he is now out of prison], should be permitted via sec. 1983 to seek recourse for alleged violations of his rights." <u>Deemer v. Beard,</u> 557 Fed. App'x 162, 168 (3d. Cir. 2014) (Rendell, J., concurring in judgment).