**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STANLEY RIMER, | No. 15-16621 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00105-RCJ-VPC |
| v. | |
| BRIAN SANDOVAL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted June 26, 2017**

Before:     PAEZ, BEA, and MURGUIA, Circuit Judges.

Nevada state prisoner Stanley Rimer appeals pro se from the district court's

judgment dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging claims related

to Rimer and Rimer's wife's parole proceedings.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2011) (dismissal for failure to state a claim under 28 U.S.C. § 1915A); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We affirm in part, vacate in part, and remand.

The district court properly dismissed Rimer's claims challenging the denial of Rimer's parole as *Heck*-barred. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." (internal quotation marks omitted)); *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) ("We have no difficulty in concluding that a challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole, and, therefore, the prisoner's continuing confinement."). The district court did not abuse its discretion in declining to grant Rimer leave to amend these claims. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

However, the district court erred in dismissing these claims with prejudice, as they could properly be brought in a habeas petition. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (when a complaint includes claims that could properly be the subject of a habeas petition, such claims must be

2                                                                                          15-16621

dismissed without prejudice).  We vacate the judgment in part on Rimer's claims challenging the denial of his parole, and instruct the district court to enter judgment on these claims without prejudice.

The district court also overlooked Rimer's allegations related to defendants' refusal to allow him contact with his wife.  *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (explaining that although "freedom of association is among the rights least compatible with incarceration[,]" it is not "altogether terminated by incarceration" and is not "always irrelevant to claims made by prisoners"); *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545 (1987) ("[T]he First Amendment protects those relationships, including family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.").  We vacate the judgment in part for the district court to consider these allegations in the first instance, and to determine whether leave to amend would be appropriate.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

We treat the district court's order denying Rimer's motion for reconsideration as a ruling on both motions for reconsideration filed by Rimer. The district court did not abuse its discretion in denying Rimer's motions for reconsideration because Rimer failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (setting forth standard of review and bases for reconsideration). Because we treat the district court's order as ruling on both motions for reconsideration, Rimer's challenge to the denial of his motion for an extension of time to file his first motion for reconsideration is moot.

We reject as meritless Rimer's contentions concerning judicial bias and "abuse of process."

**AFFIRMED in part, VACATED in part, and REMANDED.**